UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-07298-MWC-DMK Date: September 17, 2026

Title: Marina Michelle Lopez v. Target Corporation, *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| Daniel Torrez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) ORDER GRANTING IN PART PLAINTIFF'S MOTION TO REMAND (DKT. [12]) AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS (DKT. [14]) JS-6**

Before the Court is Plaintiff Marina Lopez's ("Plaintiff") Motion to Remand the case to Los Angeles County Superior Court ("Motion"). Dkt. # 12 ("*Mot.*"). Defendant Target Corporation ("Target") opposed ("Opposition"), Dkt. # 15 ("*Opp.*"), and Plaintiff replied ("Reply"), Dkt. # 16 ("*Reply*"). The Court finds this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. After considering the papers and all evidence set forth, the Court **GRANTS IN PART** Plaintiff's Motion to Remand and **REMANDS** the case to Los Angeles County Superior Court; **DENIES** Plaintiff's request for attorneys' fees and costs; and **DENIES AS MOOT** Defendant Serna's Motion to Dismiss, Dkt. # 14.

## I. Background

This case arises from Plaintiff's employment at Target and her subsequent termination. *See* Dkt. # 1-3 ("*Compl.*"). Plaintiff brings claims against Target, Defendant Christina Serna ("Serna"), Target's Human Resources Manager for the Norwalk, California location where Plaintiff had worked as a store team leader, and Does 1 through 20 (collectively, "Defendants"). *Mot.* at 6. Plaintiff brings twelve causes of action for: (1) disability discrimination; (2) failure to reasonably accommodate; (3) failure to engage in a prompt, good faith interactive process; (4) failure to provide statutory job protected leave; (5) retaliation in violation of FEHA; (6) failure to take all reasonable steps to prevent and

/ or remedy discrimination and / or retaliation; (7) wrongful termination in violation of public policy; (8) violation of Cal. Labor Code §§ 226.7 and / or 512; (9) violation of Cal. Labor Code §§ 201–203; (10) violation of Cal. Labor Code §§ 2800 & 2802; (11) violation of Cal. Labor Code § 558.1; and (12) unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq*. *See generally Compl.* Plaintiff alleges her first seven claims against only Target and the Doe defendants, and claims eight through twelve against all Defendants, including Serna. *Id.*

II. Procedural Background

On May 28, 2026, Plaintiff filed a complaint in the Superior Court of Los Angeles, Central District against Target, Serna, and Doe defendants (Case No. 26STCV17019). *Id.* On July 6, 2026, Target filed a Notice of Removal claiming that removal is proper based on diversity of citizenship between the parties, Plaintiff, a California resident, pleaded in Serna, also a California resident, as a "sham defendant" such that the Court can disregard her citizenship for purposes of subject matter jurisdiction. *See Dkt.* # 1 ("*NOR*") ¶¶ 27–41. On August 5, 2026, Plaintiff filed her Motion, arguing that Serna is a proper defendant. *See generally Mot.* On August 19, 2026, Defendant Serna filed a Motion to Dismiss. *Dkt.* # 14.

III. Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks and citation omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). A federal court should remand a case if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at

1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

Removal of an action may be based on either diversity or federal question jurisdiction. *See City of Chi.*, 522 U.S. at 163. Diversity jurisdiction under 28 U.S.C. § 1332 requires that (1) all plaintiffs be citizens of different states than all defendants ("complete diversity"), and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

A person's state citizenship stems from her state of domicile, not just her state of residence. *Kanter v. Warner Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a citizen of the state where it is incorporated and the state that constitutes its principal place of business. *See* 28 U.S.C. § 1332(c). When removal is based on diversity jurisdiction, the removing defendant must show by a preponderance of the evidence that there is complete diversity and that the amount in controversy exceeds $75,000. *See Lopez v. So. Cal. Edison Co.*, No. 2:17-CV-06413-SVW-MRW, 2017 WL 4712189, at *1 (C.D. Cal. Oct. 18, 2017) (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002)).

## IV. Discussion

### A. Fraudulent Joinder

Target contends that Serna is a "sham defendant" such that Plaintiff's joinder of Serna as a defendant is fraudulent. *Opp.* at 9–22. Target asserts that Plaintiff has no viable claim against Serna as a matter of law. *Id.* at 5–6. Plaintiff argues that Target has failed to proffer evidence of complete diversity of citizenship. *Mot.* at 8.

"If a plaintiff fails to state a cause of action against a resident defendant . . . the joinder is fraudulent and 'the defendant's presence in the lawsuit is ignored for purposes of determining diversity.'" *United Comp. Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002) (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)). "Thus, while a showing of actual fraud would be sufficient to invoke the doctrine, the term 'fraudulent joinder' is somewhat of a 'misnomer,' since in most cases the focus will be on whether the plaintiff can 'state a reasonable or colorable claim for relief under the applicable substantive law against the party whose presence in the action would destroy the district court's subject matter jurisdiction.'" *Weeping Hollow Ave. Tr. v. Spencer*, 831

F.3d 1110, 1113 (9th Cir. 2016) (quoting 13 Wright & Miller's Federal Practice & Procedure § 3641.1 (3d ed.)).

There is a general presumption against fraudulent joinder, *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007), and the party invoking fraudulent joinder bears a "heavy burden," *Weeping Hollow*, 831 F.3d at 1113; *see also Marin v. FCA US LLC*, No. 2:21-CV-04067-AB-PDX, 2021 WL 5232652, at *3 (C.D. Cal. Nov. 9, 2021) ("The burden of proving fraudulent joinder is a heavy one."). When it is a close question, the Court resolves doubt in favor of the state court retaining jurisdiction. *Albi v. St. & Smith Publ'ns*, 140 F.2d 310, 312 (9th Cir. 1944). "In the Ninth Circuit, a non-diverse defendant is deemed to be fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff *could not possibly recover* against the party whose joinder is questioned." *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1063 (C.D. Cal. 2012) (emphasis in original) (cleaned up). Defendants must show that the relevant state law is so settled that leave to amend the Complaint would not cure the purported deficiency. *Id.* (citation omitted). "In determining whether a defendant was fraudulently joined, the Court need only make a summary assessment of whether there is *any* possibility that the plaintiff can state a claim against the defendant." *Marin*, 2021 WL 5232652, at *3 (emphasis added).

On the question of fraudulent joinder, Defendant has failed to carry its burden. Plaintiff brings claims eight through twelve against Serna. *See generally Compl.* Plaintiff brings claims against Serna for: violation of Cal. Labor Code §§ 226.7 and / or 512; violation of Cal. Labor Code §§ 201–203; violation of Cal. Labor Code §§ 2800 & 2802; violation of Cal. Labor Code § 558.1; and unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq*. Plaintiff need only maintain one claim against Serna to destroy complete diversity (and thus counseling in favor of remand).

Cal. Labor Code § 558.1 provides in part:

> (a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.

> (b) For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer . . . .

The enumerated provisions include at least three of Plaintiff's theories (meal / rest-break violations under § 226.7, waiting-time penalties under § 203, and expense reimbursement under § 2802). *Reply* at 4. The parties dispute whether Serna could be considered a managing agent. *See Mot.* at 5; *Opp'n* at 15.

The mere ability to hire and fire employees does not render a supervisory employee a managing agent. *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 566 (1999). "Instead . . . the Legislature intended the term 'managing agent' to include only those corporate employees who exercise substantial independent authority and judgment in their corporate decisionmaking so that their decisions ultimately determine corporate policy." *Id.* at 566–67. The determination as to whether someone is a managing agent is fact-intensive. *Usher v. White*, 64 Cal. App. 5th 883, 897 (2021). "But the determination of whether certain employees are managing agents does not necessarily hinge on their 'level' in the corporate hierarchy. Rather, the critical inquiry is the degree of discretion the employees possess in making decisions . . . ." *King v. U.S. Bank Nat'l Ass'n*, 53 Cal. App. 5th 675, 713 (2020) (quoting *Powerhouse Motorsports Grp., Inc. v. Yamaha Motor Corp., U.S.A.*, 221 Cal. App. 4th 867, 886 (2013)).

To prevail on a motion for remand, "Plaintiff need only meet the low standard of demonstrating any possibility that Defendants [] could be held liable as managing agents." *Cummings v. Autozoners LLC*, No. 5:25-CV-03454-AB-AJR, 2026 WL 539466, at *3 (C.D. Cal. Feb. 26, 2026) (citing *Grancare, LLC v. Thrower by and Through Mills*, 889 F.3d 543, 548 (9th Cir. 2018)). "Conversely, Defendants have the much heavier burden of showing by 'clear and convincing evidence' that there is no possibility Defendants [] could be considered managing agents." *See id.*

In her Complaint, Plaintiff states that "Defendant Serna, acting on her own behalf and/or on behalf of Defendants, exercised sufficient authority, discretion, and control over employment practices, wage-and hour policies, scheduling practices, staffing decisions, reimbursement practices, payroll-related practices, leave administration, operational management, and/or workplace policies affecting Plaintiff's employment." *Compl.* ¶ 109. Plaintiff also alleges that "Plaintiff is informed and believes" that Serna "exercised

substantial discretionary authority over significant aspects of Defendants' employment and wage-and-hour policies and therefore acted as a managing agent and/or other person acting on behalf of Defendants." *Id.* Moreover, Serna's personal "acts and omissions substantially contributed to and/or caused" the Labor Code violations alleged by Plaintiffs. *Id.* ¶ 110.

"These statements are sufficient to meet Plaintiff's low burden." *Cummings v. Autozoners LLC*, No. 5:25-CV-03454-AB-AJR, 2026 WL 539466, at *4 (C.D. Cal. Feb. 26, 2026) (granting motion to remand when Plaintiff alleged Defendants "were managing agents" within the meaning of the California Civil Code, both Defendants had "substantial independent authority that affected company policies and day-to-day operations," their decisions affected "company policies and practices pertaining to meal breaks, rest breaks, minimum wage payments, overtime payments, timely payment, and itemized wage statements," and both were "personally involved in the purported violations of one or more of the enumerated provisions"); *see also Egan v. Mut. of Omaha Ins. Co.*, 24 Cal. 3d 809, 823 (1979) ("An employee exercising authority that results in the ad hoc formulation of policy is a managing agent."). Indeed, courts in this District have held that even though a plaintiff's conclusory allegations that a defendant was a managing agent would not survive a Rule 12(b)(6) motion to dismiss, their allegations were sufficient to justify remand. *See Gonzalez v. Sheraton Operating Corp.*, No. CV-20-8785-DSF-AGRx, 2020 WL 7042817, at *2 (C.D. Cal. Dec. 1, 2020); *Garcia v. Reflection Window Co., LLC*, No. 2:21-CV-03681-MCS-PD, 2021 WL 4353256, at *2 (C.D. Cal. May 28, 2021).

The Court concludes that Target has failed to show that "the plaintiff *could not possibly recover* against [Serna]." *Mireles*, 845 F. Supp. 2d at 1063. Accordingly, the Court lacks subject matter jurisdiction and therefore **REMANDS** the case to Los Angeles County Superior Court.

B. Attorneys' Fees and Costs

"Upon granting a motion to remand, the Court may order the defendant to pay plaintiff costs and expenses, including attorney's fees." *Bradford v. Asian Health Servs.*, No. 23-CV-033070, 2024 WL 2883672, at *5 (N.D. Cal. June 7, 2024). Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Courts award attorney's fees either due to 'unusual circumstances' or 'where the removing party lacked an objectively reasonable basis for seeking removal.'" *Bradford*, 2024 WL 2883672, at *5

(quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit . . . ." *Lussier v. Dollar Tree Stores*, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008).

Plaintiff requests payment of "just costs and any actual expenses, including attorney fees, incurred as a result of having to bring the instant motion." *Mot.* at 13. Plaintiff asserts that "Defendant has removed this case based on manifestly insufficient evidence and for the improper purposes of harassment, causing unnecessary delay, and needlessly increasing the cost of litigation, based on claims that are not warranted by existing law." *Id.* at 13–14. Target asserts that removal was "objectively reasonable, and Plaintiff does not seriously contend otherwise," *Opp'n* at 22, and the Court agrees. "Although Defendant has not carried its heavy burden to establish fraudulent joinder, its removal arguments were not objectively unreasonable." *Robbins v. Anthem, Inc.*, No. 2:25-CV-05833-CV (CTSX), 2026 WL 2582413, at *9 (C.D. Cal. Aug. 31, 2026); *see also Padock v. Amazon.com, Inc.*, No. 8:24-CV-00890-FWS-JDE, 2024 WL 3275792 (C.D. Cal. July 2, 2024) (granting motion to remand but denying Plaintiff's request for attorney fees). Accordingly, the Court **DENIES** Plaintiff's request for attorneys' fees and costs.

V. Conclusion

For the foregoing reasons, the Court **ORDERS** as follows:

1. Plaintiff's Motion to Remand (Dkt. # 12) is **GRANTED IN PART**. The case is **REMANDED** to the Superior Court of California for the County of Los Angeles (Case No. 26STCV17019); Plaintiff's Request for Attorneys' Fees and Costs (Dkt. # 12) is **DENIED**. The Clerk of Court is directed to **CLOSE** this case **(JS-6)**.

2. Defendant's Motion to Dismiss (Dkt. # 14) is **DENIED AS MOOT**.

3. The September 18, 2026 hearing is **VACATED**.

**IT IS SO ORDERED.**

:

**Initials of Preparer** DT